CAROLINA FIRST NATIONAL BANK, PLAINTIFF v. DOUGLAS GALLERY OF
    HOMES, LTD. (FORMERLY HARLESTON AND MAGNESS, INC., D/B/A
    GALLERY OF HOMES), AND ERNEST R. MAGNESS AND JAMES A. JEN-
    NINGS, DEFENDANTS, ERNEST R. MAGNESS, THIRD PARTY PLAINTIFF v.
    MARINELL S. MOORE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF
    B. T. MOORE, THIRD PARTY DEFENDANT, AND ERNEST R. MAGNESS, THIRD
    PARTY PLAINTIFF v. DOUGLAS GALLERY OF HOMES, LTD., THIRD PARTY
    DEFENDANT

No. 8327SC166

(Filed 1 May 1984)

1. **Appeal and Error § 4; Rules of Civil Procedure § 50.5— denial of directed ver-
    dict—different ground from that asserted in trial**
       In reviewing the denial of a motion for directed verdict, the appellate
    court could not consider an argument not stated as a specific ground for the
    motion at trial.

2. **Banks and Banking § 23; Bills and Notes § 18— bank merger—right of action
    on promissory note**
       In a bank merger, the surviving bank or its transferee has the legal right
    to enforce the claim of a promissory note because the surviving bank succeeds
    to the merged bank's holder status by operation of law. G.S. 53-13.

3. **Banks and Banking § 23; Rules of Civil Procedure § 25— bank merger—no con-
    tinuance of action by merged bank**
       Since the substantive law of G.S. 55-110(c) does not authorize a merged
    bank to continue prosecuting an action, G.S. 1A-1, Rule 25(d) does not do so.

4. **Bills and Notes § 18; Rules of Civil Procedure § 19— effect of absence of
    necessary party**
       In an action on a promissory note by a bank which had merged with
    another bank and was no longer in existence, the absence of the surviving
    bank, the real party in interest, from the action did not warrant a directed
    verdict. Rather, the trial court should have granted a continuance to permit
    the real party in interest to be substituted or should have corrected the defect
    by an *ex mero motu* ruling.

5. **Rules of Civil Procedure § 19— absence of real party in interest—failure to
    show prejudice—remand for substitution of party**
       Where defendant failed to show real prejudice in not having had the real
    party in interest joined at the original trial, the trial court's directed verdict in

favor of plaintiff will be left intact, but the case will be remanded to the trial court to amend the pleadings and to substitute the real party in interest in its verdict.

APPEAL by defendant from *Russell G. Walker, Jr., Judge.* Judgment entered 2 November 1982 in Superior Court, LINCOLN County. Heard in the Court of Appeals 17 January 1984.

*Erwin and Beddow, P.A., by Timothy W. Griffin and Fenton T. Erwin, Jr., for defendant appellant Magness.*

*Jonas, Jonas & Rhyne, by Richard E. Jonas, for plaintiff appellee.*

BECTON, Judge.

Plaintiff, payee, Carolina First National Bank (CFNB), instituted this action on 23 September 1981 against the maker, defendant Harleston & Magness, Inc. (Harleston), and the endorsers, defendants Ernest R. Magness and James A. Jennings, of a negotiable promissory note made payable to "CAROLINA FIRST NATIONAL BANK, or Order." In his Answer, Magness admitted his endorsement on the note, but raised several defenses. Neither Harleston nor Jennings appeared at trial. Magness made a motion for a directed verdict under Rule 50 of the North Carolina Rules of Civil Procedure at the close of CFNB's evidence. The specific grounds stated to the trial court under Rule 50 were:

[T]he lawsuit has been brought by Carolina First National Bank which no longer exists and NCNB is the holder of the note. Rule 17 requires that all actions be prosecuted in the name of the real party in interest and Defendant may have defenses against the holder, NCNB, that cannot be asserted against Carolina First National Bank. Further, there was no evidence that the holder of the note, NCNB, gave value for it.

The trial court deferred ruling on the motion. After presenting no evidence, Magness renewed his motion. Magness' motions were denied. The trial court then granted CFNB's motion for a directed verdict under Rule 50 at the close of all the evidence. Magness appeals.

## I

On appeal, Magness argues that the trial court erred in denying his motions for directed verdict and granting CFNB's motion for directed verdict when (1) "uncontradicted evidence showed [CFNB] no longer existed and no evidence as to the identity of the holder or owner of the note was offered," and (2) the evidence "demonstrated the action was not prosecuted by the real party in interest and [CFNB] failed to make [a] motion for joinder or substitution."

[1]  Because Magness did not raise the issue of the "identity of the holder" before the trial court in his specific grounds for the directed verdict motion, we cannot consider this argument on appeal. *Feibus & Co. v. Godley Const. Co.*, 301 N.C. 294, 271 S.E. 2d 385 (1980).

For the following reasons, we remand to the trial court to amend the pleadings and substitute the real party in interest in its directed verdict.

## II

In its Complaint, filed 23 September 1981, CFNB alleged that "Plaintiff is a National Banking Association with principal office in Lincolnton, Lincoln County, N.C." The matter came on for trial in early November 1982. The testimony of CFNB's sole witness, Neil Ferguson, a Vice President with North Carolina National Bank (NCNB), revealed that CFNB had merged with an unnamed bank and, therefore, was no longer in existence. Ferguson explained,

> In October of 1978 Carolina First National Bank was a national banking corporation licensed to do banking in North Carolina. As to whether there is now a Carolina First National Bank in existence, it's been merged to another bank. There are no more signs at the Denver office of Carolina First National Bank. I am employed by NCNB and it is NCNB that I am here for today.

Ferguson did not establish how NCNB came into possession of the note; that is, whether NCNB was the surviving bank or its transferee, but Ferguson did present the note at trial.

[2] Faced with evidence of a merger, we are asked to determine whether the action could continue in CFNB's name, although CFNB, the merged bank, ceased to exist at the time of the merger. N.C. Gen. Stat. §§ 53-12 to -13 (1982). N.C. Gen. Stat. § 1A-1, Rule 17(a) (1983) provides that "[e]very claim shall be prosecuted in the name of the real party in interest." A real party in interest is " 'a party who is benefited or injured by the judgment in the case', [citation omitted] [and] who by substantive law has the legal right to enforce the claim in question." *Reliance Ins. Co. v. Walker*, 33 N.C. App. 15, 18-19, 234 S.E. 2d 206, 209, *disc. rev. denied*, 293 N.C. 159, 236 S.E. 2d 704 (1977) (quoting *Parnell v. Nationwide Mut. Ins. Co.*, 263 N.C. 445, 448, 139 S.E. 2d 723, 726 (1965)). In a bank merger, the surviving bank or its transferee has the legal right to enforce the claim because the surviving bank succeeds to the merged bank's holder status by operation of law. G.S. § 53-13; *see also Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 271 S.E. 2d 54 (1980).

[3] CFNB asserts, though, that N.C. Gen. Stat. § 1A-1, Rule 25(d) (1983) controls:

> In case of any transfer of interest other than by death, the action shall be continued in the name of the original party; but, upon motion of any party, the court may allow the person to whom the transfer is made to be joined with the original party.

At first blush, Rule 25(d) appears to be the solution to our quandary. However, we remind the parties that Rule 25(d) is merely a procedural rule. Substantive law governs its application. 7A C. Wright and A. Miller, *Federal Practice and Procedure* § 1958, at 664 (1972). The statutory provision dealing with bank mergers, G.S. § 53-12, provides:

> In case of either transfer or merger or consolidation the rights of creditors shall be preserved unimpaired, and the respective companies deemed to be in existence to preserve such rights for a period of three years.

The merged bank is deemed to continue in existence to defend in actions by creditors. No statutory language enables a merged bank to continue prosecuting an action for a period of time after the merger. The legislative intent is clear, especially in light of

the corporate merger provision, N.C. Gen. Stat. § 55-110(c) (1982), which permits the prosecution and defense of actions in the name of the merged corporation.

> [A]ny claim existing or action or proceeding, civil or criminal, pending by or against any such [merged] corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. . . .

G.S. § 55-110(c). Since the substantive law does not authorize a merged bank to continue prosecuting an action, Rule 25(d) is not applicable to the case *sub judice*.

[4]   We return to the provisions of G.S. § 1A-1, Rule 17(a), real party in interest. Rule 17(a) provides that:

> No action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Magness first raised his real party in interest objection in his motion for a directed verdict at the close of CFNB's evidence. The trial court subsequently denied Magness' motions and granted CFNB's motion for a directed verdict.

In *Booker v. Everhart*, 294 N.C. 146, 240 S.E. 2d 360 (1978), our Supreme Court relied on the lenient language of Rule 17(a) dealing with dismissal, when it remanded an action on a non-negotiable promissory note for a new trial, because the trial court had failed to join a necessary party plaintiff under N.C. Gen. Stat. § 1A-1, Rule 19 (1983).

> Where, as here, a fatal defect of the parties is disclosed, the court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the court. [Citations omitted.] Absence of necessary parties does not merit a nonsuit. Instead, the court should order a contin-

uance so as to provide a reasonable time for them to be brought in and plead.

*Booker*, 294 N.C. at 158, 240 S.E. 2d at 367.

Applying Rule 17(a) and the reasoning in *Booker* to the case *sub judice*, we hold that the absence of the real party in interest did not warrant a directed verdict. Therefore, the trial court did not err in denying Magness' motion. However, before ruling on the merits by granting CFNB's motion, the trial court should have granted a continuance to permit the real party in interest to be substituted, or the trial court should have corrected the defect by *ex mero motu* ruling.

[5]   Nevertheless, the trial court's error does not require a new trial. Unlike *Booker*, an action with a fatal defect—the absence of a necessary party—the absence of the real party in interest in the case *sub judice* does not constitute a "fatal defect," since Magness has failed to "show real prejudice in not having had the real party joined at the original trial." 3A J. Moore and J. Lucas, *Moore's Federal Practice* § 17.15, at 17-187 (2d ed. 1984). Magness, in his Answer, admitted his endorsement on the note. Although he alleged defenses in his Answer, he presented no evidence at trial. He argues, in his specific grounds for the motion for a directed verdict: "Defendant may have defenses against the holder, NCNB, that cannot be asserted against Carolina First National Bank." We disagree.

A holder in due course takes subject to the defenses of any party to the instrument with whom he has dealt. N.C. Gen. Stat. § 25-3-305 (Supp. 1983). If CFNB dealt with Magness through an authorized agent, as alleged in Magness' Answer, CFNB was subject to Magness' defenses. Since NCNB did not establish holder in due course status, both NCNB and CFNB were subject to Magness' alleged defenses. *See* N.C. Gen. Stat. § 25-3-302 (1965). Magness' failure to present evidence proving the alleged defenses shows that he was not prejudiced by not having had the real party joined.

We, therefore, leave the trial court's directed verdict in favor of CFNB intact, but remand the case to the trial court to amend the pleadings and to substitute the real party in interest in its verdict. *See Econo-Travel.*

Remanded.

Judges ARNOLD and WHICHARD concur.