DANIEL JAMES REECE AND WIFE, VICKIE WHITE REECE, PLAINTIFFS v.
HOMETTE CORPORATION, DEFENDANT

No. 9217SC353

(Filed 1 June 1993)

1. **Limitations, Repose, and Laches § 27 (NCI4th); Products Liability § 1 (NCI4th) — failure to state products liability claim — statute of limitations**

   Plaintiffs' complaint does not allege a claim under the Products Liability Act, N.C.G.S. Ch. 99B, where plaintiffs seek recovery for damages to a mobile home manufactured by defendant and the alleged defects in the mobile home caused neither personal injury nor damage to property other than to the manufactured product itself. Accordingly, the statute of limitations for products liability actions brought under Ch. 99B, N.C.G.S. § 1-50(6), is inapplicable.

   **Am Jur 2d, Products Liability §§ 1-4, 909-923.**

   **Products liability: what statute of limitations governs actions based on strict liability in tort. 91 ALR3d 455.**

2. **Limitations, Repose, and Laches § 27 (NCI4th) — negligent manufacture of mobile home — statute of limitations**

   The proviso "[u]nless otherwise provided by statute" in N.C.G.S. § 1-52(16) rendered the statute of limitations set forth in that statute inapplicable to plaintiffs' claim for damages allegedly caused by defendant's negligent manufacture, design and inspection of a mobile home purchased by plaintiffs because the sale of a mobile home is a "transaction in goods" covered by the Uniform Commercial Code, and N.C.G.S. § 25-2-725 is more specifically applicable to plaintiffs' claim.

   **Am Jur 2d, Products Liability §§ 909-923.**

   **Products liability: what statute of limitations governs actions based on strict liability in tort. 91 ALR3d 455.**

3. **Limitations, Repose, and Laches § 27 (NCI4th); Uniform Commercial Code § 11 (NCI3d) — breach of warranty of mobile home — claim barred by statute of limitations**

   Plaintiffs' claim for damages to their mobile home manufactured by defendant was barred by the statute of limitations

REECE v. HOMETTE CORP.

[110 N.C. App. 462 (1993)]

where defendant's express warranty covered one year as permitted by N.C.G.S. § 25-2-725, and plaintiffs' claim was filed after the express warranty had expired. Furthermore, the claim was also barred under the four-year limitation of § 25-2-725 where it was filed more than four years after defendant tendered delivery of the mobile home to plaintiffs.

**Am Jur 2d, Products Liability §§ 909-923.**

**Products liability: what statute of limitations governs actions based on strict liability in tort. 91 ALR3d 455.**

**Pre-emption of strict liability in tort by provisions of UCC Article 2. 15 ALR4th 791.**

Appeal by plaintiffs from judgment signed 29 November 1991 by Judge Howard R. Greeson, Jr. in Surry County Superior Court. Heard in the Court of Appeals 10 March 1993.

On 29 March 1986, plaintiffs signed a contract to buy a mobile home manufactured by defendant. Defendant delivered the mobile home in April 1986. Defendant is a wholly owned subdivision of Skyline Corporation. The mobile home came with a "Full One Year Warranty" which stated that "Manufacturing defects reported to Skyline within one year and ten days after original delivery by an authorized dealer will be corrected on site, without charge and within reasonable times."

In September 1990 (over four years after defendant delivered the mobile home to plaintiffs) plaintiffs noticed "stain and water damage where the walls meet the ceiling" in their mobile home. On 9 April 1991, plaintiffs filed a complaint seeking relief for the damage to their mobile home, alleging *inter alia* defendant's negligent manufacture, negligent design, and negligent inspection of the mobile home. On 7 June 1991, defendant filed an answer pleading the affirmative defense of the expiration of the statute of limitations and alleging that "plaintiffs were contributorily negligent in that plaintiffs failed to properly vent the foundation of the manufactured/mobile home and, upon information and belief, had gutters incorrectly and improperly attached and installed." On 11 October 1991, defendant filed a motion for summary judgment pursuant to G.S. 1A-1, Rule 56. On 29 November 1991, the trial court granted defendant's motion for summary judgment. Plaintiffs appeal.

REECE v. HOMETTE CORP.

[110 N.C. App. 462 (1993)]

*Donnelly & DiRusso, by F. Christian DiRusso, for plaintiff-appellants.*

*Smith Helms Mullis & Moore, by Robert A. Wicker and Christine T. Nero, for defendant-appellee.*

EAGLES, Judge.

Plaintiffs contend that the trial court erred by granting defendant's motion for summary judgment pursuant to G.S. 1A-1, Rule 56. We disagree.

To prevail on its motion for summary judgment, defendant must meet its burden of establishing the lack of a genuine issue as to any material fact and its entitlement to judgment as a matter of law. *Page v. Sloan*, 281 N.C. 697, 190 S.E.2d 189 (1972). Defendant may meet its burden by showing that plaintiffs cannot surmount an affirmative defense, such as the expiration of the applicable statute of limitations, which would bar plaintiffs' claim. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). Defendant contends that the statute of limitations set forth in the Uniform Commercial Code (U.C.C.), G.S 25-2-725, operates to bar plaintiffs' claim. Plaintiffs argue that their claim is not barred procedurally because they "have filed this action within the shorter of both periods" established in G.S. 1-50(6) and G.S. 1-52(16). We conclude that in this factual situation G.S. 25-2-725 is the applicable statute of limitations and that it operates to bar plaintiffs' claim.

Plaintiffs contend that their claim is not time barred because their claim is governed by G.S. 1-50(6), which provides that "[n]o action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." Plaintiffs argue that G.S. 1-50(6) is applicable because their claim for damage to their mobile home is based on the manufacturer's negligence. We disagree.

[1] G.S. 1-50(6) "was enacted in 1979 with Chapter 99B, the Products Liability statute. 1979 N.C. Sess. Laws, ch. 654 . . . . G.S. § 1-50(6) was enacted with Chapter 99B to cover those actions to which that chapter [99B] applies." *Bernick v. Jurden*, 306 N.C. 435, 446, 293 S.E.2d 405, 412-13 (1982) (footnote omitted). Here, plaintiffs seek recovery for damages to the mobile home, the prod-

uct manufactured by defendant. In *Cato Equipment Co. v. Matthews*, 91 N.C. App. 546, 549, 372 S.E.2d 872, 874 (1988), this Court held that the provisions of Chapter 99B were inapplicable where the alleged defects of the product manufactured by defendant caused neither personal injury nor damage to property other than to the manufactured product itself. Accordingly, plaintiffs' complaint does not allege a viable claim under Chapter 99B, and G.S. 1-50(6), the statute of limitations for product liability actions brought under Chapter 99B, is inapplicable.

[2] Alternatively, plaintiffs argue that the statute of limitations found in G.S. 1-52(16) is applicable. G.S. 1-52(16) provides:

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of action referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

In accordance with the proviso "[u]nless otherwise provided by statute," we conclude that G.S. 1-52(16) is rendered inapplicable by virtue of G.S. 25-2-725, which is more specifically applicable to plaintiffs' claim. Our Supreme Court has stated:

> Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability. *National Food Stores v. North Carolina Board of Alcoholic Control*, 268 N.C. 624, 151 S.E.2d 582 (1966); *State ex rel. Utilities Comm. v. Union Electric Membership Corp.*, 3 N.C. App. 309, 164 S.E.2d 889 (1968). "When two statutes apparently overlap, it is well established that the statute special and particular shall control over the statute general in nature, even if the general statute is more recent, unless it clearly appears that the legislature intended the general statute to control." *Seders v. Powell*, 298 N.C. 453, 459, 259 S.E.2d 544, 549 (1979); *Colonial Pipeline Co. v. Neill*, 296 N.C. 503, 251 S.E.2d 457 (1979).

*Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985).

Here, plaintiffs seek recovery solely for damage to their mobile home, which was manufactured by defendant. The sale of a mobile home is a "transaction in goods." *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 732, 407 S.E.2d 819, 822 (1991). Article 2 of Chapter 25, the Uniform Commercial Code (U.C.C.), applies to "transactions in goods." G.S. 25-2-102. Accordingly, the U.C.C. determines the rights of the parties here. *Alberti*, 329 N.C. at 732, 407 S.E.2d at 822.

[3] Here, plaintiffs' claim seeks recovery only for damage to the mobile home, the very product manufactured by defendant. This claim is substantially different from a claim arising from a factual situation where the manufactured product causes physical injury to a person or to property other than the manufactured product itself.

> The U.C.C. is generally regarded as the *exclusive* source for ascertaining when the seller is subject to liability for damages if the claim is based on an intangible economic loss and not attributable to physical injury to person or to a tangible thing other than the defective product itself. *Prosser and Keeton [on Torts], supra,* § 95A, at 680 [5th ed. 1984]. If intangible economic loss were actionable under a tort theory, the U.C.C. provisions permitting assignment of risk by means of warranties and disclaimers would be rendered meaningless. It would be virtually impossible for a seller to sell a product "as is" because if the product did not meet the economic expectations of the buyer, the buyer would have an action under tort law. The U.C.C. represents a comprehensive statutory scheme which satisfies the needs of the world of commerce, and courts have been reluctant to extend judicial doctrines that might dislocate the legislative structure. *Henry Heide, Inc. v. W R H Products Co.*, 766 F.2d 105, 109 (3d Cir. 1985).

*2000 Watermark Association, Inc. v. Celotex Corporation*, 784 F.2d 1183, 1186 (4th Cir. 1986); *see Chicopee, Inc. v. Sims Metal Works*, 98 N.C. App. 423, 432, 391 S.E.2d 211, 217, *disc. rev. denied*, 327 N.C. 426, 395 S.E.2d 674, *reconsid. denied*, 327 N.C. 632, 397 S.E.2d 76 (1990) (adopting the rule set forth in *2000 Watermark Association*, 784 F.2d 1183). *Cf. Spillman v. American Homes*, 108 N.C. App. 63, 65, 422 S.E.2d 740, 741-42 (1992) ("a tort action does not lie against a party to a contract who simply fails to properly

REECE v. HOMETTE CORP.

[110 N.C. App. 462 (1993)]

perform the terms of the contract, even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract. It is the law of contract and not the law of negligence which defines the obligations and remedies of the parties in such a situation."); *Ports Authority v. Roofing Co.*, 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978) ("Ordinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor."). Similarly, it would be anomalous to permit plaintiffs to circumvent the legislature's enactment of the U.C.C.'s shorter statute of limitations specifically designed for claims arising from the "transaction of goods" by virtue of a more general statute of limitations such as that found in G.S. 1-52(16).

In the U.C.C., G.S. 25-2-725 provides that:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Here, the manufacturer's express warranty covered a period of approximately one year. Defendant tendered delivery of the mobile home in April 1986. Plaintiffs noticed the water damage over four years later in September 1990 and did not file their complaint until 9 April 1991. Accordingly, plaintiff has no right to recovery under the manufacturer's express warranty due to its expiration. Having filed their complaint on 9 April 1991, plaintiffs also failed to commence this action within four years after defendant tendered delivery. G.S. 25-2-725.

In sum, we conclude that plaintiff's action is barred by the statute of limitations found in G.S. 25-2-725.

Affirmed.

Judges COZORT and WYNN concur.