PAUL M. SPILLMAN AND WIFE, CONNIE SPILLMAN, PLAINTIFFS APPELLEES v. AMERICAN HOMES OF MOCKSVILLE, INC., DEFENDANT APPELLANTS

No. 9122DC802

(Filed 3 November 1992)

**Negligence § 2 (NCI3d) — negligent performance of contract — damage to subject matter of contract — no tort action**

A tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract,

even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract.

**Am Jur 2d, Contracts § 732.**

APPEAL by defendant from *Conley (Jessie M.), Judge.* Judgment entered 23 April 1991 in District Court, DAVIE County. Heard in the Court of Appeals 14 September 1992.

Plaintiff Paul Spillman instituted this civil action by filing a complaint on 8 August 1989 wherein he alleged claims of breach of contract, breach of express and implied warranties, negligent breach of contract, and breach of warranty of construction in a workmanlike manner arising out of plaintiffs' purchase of a mobile home from defendant. Connie Spillman was subsequently joined by order of the court as an additional party plaintiff. Each claim set forth by plaintiffs was based upon the alleged improper construction and installation of the mobile home by defendant. All damage suffered by plaintiffs consisted of the cost to repair the defects in the mobile home and to repair the damage to the mobile home resulting from the improper installation.

On 28 March 1990, the trial court granted partial summary judgment in favor of defendant dismissing plaintiffs' claims based upon breach of express and implied warranties and breach of warranty of construction in a workmanlike manner. The case was tried before a jury at the 22 April 1991 session of the Civil District Court, Davie County on the two remaining issues of breach of contract and negligent breach of contract. The jury returned a verdict finding that defendant had not breached the contract with plaintiffs and finding that defendant had negligently performed the contract concerning "the sale and set up of the manufactured home." The verdict awarded plaintiffs $7,000 for defendant's negligence.

Defendant appeals from the trial court's denial of its motion for a directed verdict.

*Law Offices of Grady L. McClamrock, Jr., by Michael J. Parker, for plaintiffs, appellees.*

*Peebles & Schramm, by Stafford R. Peebles, Jr., for defendant, appellant.*

## SPILLMAN v. AMERICAN HOMES

[108 N.C. App. 63 (1992)]

HEDRICK, Chief Judge.

Defendant assigns as error the trial court's denial of its motion for a directed verdict. Defendant argues that plaintiff failed to produce evidence sufficient to submit either the issue of breach of contract or negligent performance of the contract to the jury. As the jury found in defendant's favor on the issue of breach of contract, the submission of that issue resulted in no prejudice to defendant and we do not therefore address that portion of defendant's argument.

Plaintiffs' claim of negligence is premised upon the allegation that defendant's failure to properly perform the terms of the contract between the parties resulted in damage to the mobile home which is the subject matter of the contract. Such a premise is clearly insufficient. Absent the existence of a public policy exception, as in the case of contracts involving a common carrier, innkeeper or other bailee, see Ports Authority v. Roofing Co., 294 N.C. 73, 82, 240 S.E.2d 345, 350-51 (1978), a tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract. Id. at 83, 240 S.E.2d at 351; Warfield v. Hicks, 91 N.C. App. 1, 9-10, 370 S.E.2d 689, 694, disc. review denied, 323 N.C. 629, 374 S.E.2d 602 (1988); Sims v. Mobile Homes, 27 N.C. App. 25, 28, 217 S.E.2d 737, 739-40, cert. denied, 288 N.C. 511, 219 S.E.2d 347 (1975). It is the law of contract and not the law of negligence which defines the obligations and remedies of the parties in such a situation.

As the evidence presented by plaintiffs does not support a claim of negligence, the trial court's denial of defendant's motion for a directed verdict as to that issue was error. The judgment entered by the District Court in response to the jury's answers to issues three and four is reversed.

Reversed.

Judge LEWIS concurs.

Judge WYNN concurs in the result only.