HARRY LAND AND KATHY LAND, PLAINTIFFS v. TALL HOUSE BUILDING CO., DEFENDANT, AND TALL HOUSE BUILDING CO., THIRD-PARTY PLAINTIFF v. DRYVIT SYSTEMS, INC.; COLIN W. McKEAN, INDIVIDUALLY AND D/B/A SOUTHERN SYNTHETIC & PLASTER; EDWARD McKEAN, INDIVIDUALLY AND D/B/A SOUTHERN SYNTHETIC & PLASTER; PICKARD ROOFING COMPANY, INC.; AND MARVIN WINDOWS, INC., THIRD-PARTY DEFENDANTS

No. COA01-27

(Filed 7 May 2002)

**1. Parties— real party in interest—insurance settlement— insurer as necessary party**

The trial court erred by granting summary judgment for a third-party defendant where the original parties had settled, the original plaintiffs assigned all of their claims to the insurer of the original defendant, and the insurer did not take any action to have itself substituted as the real party in interest. The insurer was the only party entitled to maintain the litigation after the settlement, but the trial court should have ordered a continuance on its own motion to allow a reasonable time for necessary parties to be joined.

**2. Statutes of Limitation and Repose— substituted real party in interest—status of limitations issues unchanged**

The status of statutes of limitations and repose issues will not change when an insurer is substituted as the real party in interest after a settlement.

Appeal by defendant/third-party plaintiff from judgment entered 1 August 2000 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 11 February 2002.

*Dean & Gibson, L.L.P., by Christopher J. Culp, Esq.; and Brown, Todd & Heyburn, P.L.L.C., for Tall House Building Co., defendant/third-party plaintiff appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Hada V. Haulsee and David J. Mazza, for Dryvit Systems, Inc., third-party defendant appellee.*

McCULLOUGH, Judge.

Defendant/third-party plaintiff Tall House Building Co. appeals from an order granting summary judgment to third-party defendant Dryvit Systems, Inc., entered by Judge Orlando F. Hudson, Jr., at the 31 July 2000 Session of Durham County Civil Superior Court.

In 1993, plaintiffs in the original suit, Harry and Kathy Land, contracted with appellant Tall House to be their general contractor and oversee the construction of the Lands' house. The house was completed in 1995. Eventually, the Lands became dissatisfied with the construction of their home, specifically, the exterior stucco that had been installed had begun to cause problems with the integrity and appearance of the house.

On 11 May 1998, the Lands filed a complaint against Tall House for damages arising out of alleged defects in the construction of their house. On 3 June 1998, Tall House answered the Land complaint denying liability. On the same day, Tall House also filed a third-party complaint against Dryvit Systems, Inc., the manufacturer of the stucco applied to the Lands' house, and numerous other subcontractors involved with the application of the stucco, for contribution and indemnity pursuant to Rule 14.

By 28 December 1999, the Lands and Tall House had reached a settlement agreement. In this settlement agreement, Tall House was to pay the Lands $199,900.00 in exchange for the Lands assigning "all

LAND v. TALL HOUSE BLDG. CO.

[150 N.C. App. 132 (2002)]

claims, rights and causes of action they may have against any other person or entity concerning any damage to the House to Assurance Company of America ("ACA")." ACA is the insurance carrier for Tall House, and it is the entity that actually paid the settlement money to the Lands. The Lands dismissed their suit against Tall House on 19 April 1999.

The third-party complaint of Tall House against Dryvit Systems and the subcontractors, however, was still active. ACA had not taken any action post-settlement to have itself substituted for Tall House as the real party in interest. On 5 July 2000, third-party defendant Dryvit moved for summary judgment based on the following:

Tall House Builders has no claim against Dryvit and it is not the real party in interest;

Some or all of the claims are barred by the applicable statutes of limitations;

Some or all of the claims are barred by North Carolina's statute of repose;

The claims are barred pursuant to N.C. Gen. Stat. Chapter 99B; and

Some of the claims and cross claims are barred as a matter of law.

This is the first mention in the record of Dryvit's objection as to Tall House not being a real party in interest.

The hearing on the motion for summary judgment was held on 31 July 2000. The trial court's order, filed 1 August 2000, simply stated that the Court "is of the opinion that there are no genuine issues of material fact in dispute, and that judgment in favor of Third-Party Defendants Dryvit Systems, Inc. . . . is appropriate as a matter of law[.]" It is from this order that Tall House appeals.

Defendant/third-party plaintiff makes the following assignments of error: The trial court erred in granting summary judgment in favor of third-party defendant Dryvit Systems, Inc., on the grounds that there were genuine issues of material fact regarding whether (1) third-party defendant caused or contributed to the water-intrusion damage to plaintiff's house; (2) Tall House Building Company was the real party in interest; and (3) the third-party claims were barred by the applicable statutes of limitations and repose.

I.

**[1]** We first address the arguments of the parties relating as to who in fact is the real party in interest.

N.C. Gen. Stat. § 1A-1, Rule 17(a) (1999), provides that "[e]very claim shall be prosecuted in the name of the real party in interest[.]" *Id.*

> "The real party in interest is the party who by substantive law has the legal right to enforce the claim in question. More specifically, a real party in interest is '. . . a party who is benefitted or injured by the judgment in the case.' "

*Whittaker v. Furniture Factory Outlet Shops*, 145 N.C. App. 169, 175, 550 S.E.2d 822, 825 (2001) (citations omitted) (quoting *Parnell v. Ins. Co.*, 263 N.C. 445, 448-49, 139 S.E.2d 723, 726 (1965)).

In addition, N.C. Gen. Stat. § 1-57 also says that "[e]very action must be prosecuted in the name of the real party in interest . . . ." N.C. Gen. Stat. § 1-57 (1999).

Dryvit contends that summary judgment was proper because ACA, and not Tall House, is the sole real party in interest. This is due to the arrangement set forth in the settlement agreement between the Lands, Tall House, and ACA. The facts are that the agreement mandated ACA, as insurer for Tall House, pay $199,900.00 to the Lands, and in return the Lands had to assign all of their rights from the dispute to ACA. Thereafter, Tall House was no longer actually involved in the litigation. Thus, Dryvit filed its summary judgment motion against Tall House because Tall House was maintaining a lawsuit against Dryvit without being the real party in interest.

Tall House contends that it is still a real party in interest because it dismissed its counterclaims against the Lands, thereby contributing to the settlement. The counterclaims were in fact dismissed, however, the agreement itself makes no mention of this fact. The record merely indicates that Tall House voluntarily dismissed its counterclaims against the Lands.

We note that Tall House was entitled to file its contribution and indemnity claims against Dryvit and the other subcontractors pursuant to Rule 14. When the Lands, Tall House, and its insurer ACA entered into the settlement agreement, however, it appears that Tall House indeed ceased being a real party in interest. ACA was the only

**LAND v. TALL HOUSE BLDG. CO.**

[150 N.C. App. 132 (2002)]

one entitled to maintain the pending litigation, and should have substituted itself for Tall House and proceeded accordingly. However, we hold that granting summary judgment was not the appropriate action for the trial court to take at that point in the litigation.

Rule 17(a) states:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest *until a reasonable time has been allowed after objection* for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

N.C. Gen. Stat. § 1A-1, Rule 17(a) (1999) (emphasis added).

The objection was in Dryvit's motion for summary judgment filed 5 July 2000. The trial court could not dismiss this action until a reasonable time had been allowed to pass for ACA to ratify, join, or substitute itself for Tall House. The hearing on this issue was held just over a week later on 13 July 2000. The order was given on 1 August 2000, about two and one-half weeks after the hearing.

Furthermore,

When a case is not brought in the name of the real party in interest "the court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the court." *Booker v. Everhart*, 294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978). "This provision is designed to avoid 'needless delay and technical disposition of a meritorious action.' " *Wilson* § 17-8, at 349 (quoting N.C.G.S. § 1A-1, Rule 17 comment). Pursuant to Rule 17, the trial court should have either corrected the plaintiff's error itself or refused to hear the motion for summary judgment until the real party in interest was substituted for plaintiff.

*Richland Run Homeowners Assn. v. CHC Durham Corp.*, 123 N.C. App. 345, 353, 473 S.E.2d 649, 654-55 (1996) (Greene, Judge, dissenting), *as to disc. review issues, disc. review denied*, 344 N.C. 735, 478 S.E.2d 7 (1996), *but rev'd for reasons stated in the dissent*, 346 N.C. 170, 484 S.E.2d 527 (1997). *See also J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 362 S.E.2d 812 (1987); *Crowell*

*v. Chapman*, 306 N.C. 540, 293 S.E.2d 767 (1982). Essentially, these cases say that a trial court should, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined. *Booker v. Everhart*, 294 N.C. 146, 240 S.E.2d 360 (1978). Unlike Rule 19, absence of a necessary party under Rule 17 does not constitute a "fatal defect" where opposing party failed to show prejudice in not having the real party joined. *Carolina First Nat'l Bank v. Douglas Gallery of Homes*, 68 N.C. App. 246, 251, 314 S.E.2d 801, 804 (1984). Thus, the trial court should have corrected the problem rather than granting summary judgment.

Tall House further contends that it is not fair to allow a party to bring third-party claims against potentially responsible parties, as under Rule 14, but then prevent that party from pursuing those claims after settlement with the original plaintiffs "merely because the defendant/third-party plaintiff had the foresight to maintain liability insurance." In addition, Tall House contends that forcing the insurance company to maintain the action in its own name will prejudice them and lower their recovery. Thus, such a restrictive view of the "real party in interest" requirement would penalize those who pay for and provide liability insurance.

In *Burgess v. Trevathan* our Supreme Court stated:

> Where the insurance paid the insured covers the loss in full, the insurance company, as a necessary party plaintiff, must sue in its own name to enforce its right of subrogation against the tortfeasor. This is true because the insurance company in such case is entitled to the entire fruits of the action, and must be regarded as the real party in interest under the statute codified as G.S. § 1-57, which specifies that "every action must be prosecuted in the name of the real party in interest."

*Burgess v. Trevathan*, 236 N.C. 157, 160, 72 S.E.2d 231, 233 (1952) (citations omitted).

Because we hold that the trial court erred by entering summary judgment for third-party defendant, third-party plaintiff's assignment of error is sustained.

II.

[2] As to the issue of statutes of limitations and repose, it was conceded by Dryvit that Tall House was not entitled to summary judgment on these issues at the trial court level. Nor did Dryvit brief these

issues to this Court. It is apparent that Dryvit included these issues in their motion in anticipation of ACA asserting the assigned claims.

However, because of the language of Rule 17(a), even when ACA is substituted for Tall House, the status of these issues will not change. "[S]uch ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." N.C. Gen. Stat. § 1A-1, Rule 17(a) (1999).

Reversed and remanded.

Chief Judge EAGLES and Judge BIGGS concur.