UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

J. KEVIN WILSON; AZITA WILSON,
    *Plaintiffs-Appellants,*

    v.

DRYVIT SYSTEMS, INCORPORATED,
    *Defendant-Appellee,*

    and

D. T. GLOSSON CONSTRUCTION,
INCORPORATED, a/k/a D. T. Glosson
Construction, a/k/a Glosson Drywall
Construction Company; GLOSSON
DRYWALL CONSTRUCTION COMPANY;
NORMAN R. CREGAN, individually
and in his capacity as Sole
Shareholder of NCW Development,
Incorporated and Greenbrier
Properties, Incorporated; NCW
DEVELOPMENT, INCORPORATED;
GREENBRIER PROPERTIES,
INCORPORATED; SOUTHERN SYNTHETIC
& PLASTIC, INCORPORATED; CUSTOM
DESIGNED EXTERIORS, INCORPORATED,
    *Third Party Defendants.*

No. 02-2070

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-00-242-5-BR)

Argued: May 8, 2003

Decided: August 7, 2003

Before WILKINS, Chief Judge, and GREGORY and
SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Daniel K. Bryson, LEWIS & ROBERTS, P.L.L.C.,
Raleigh, North Carolina, for Appellants. Hada DeVarona Haulsee,
WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-
Salem, North Carolina, for Appellee. **ON BRIEF:** Sandra W. Mitter-
ling, LEWIS & ROBERTS, P.L.L.C., Raleigh, North Carolina, for
Appellants. David J. Mazza, WOMBLE, CARLYLE, SANDRIDGE
& RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant brought suit against the manufacturer of an exterior clad-
ding which allegedly caused damage to the Appellant's home.
Defendant-manufacturer moved for summary judgment on each of
Appellant's claims, which the district court granted. Appellant's
timely appeal followed and for the reasons set forth below, we affirm.

I.

Kevin and Azita Wilson (the "Wilsons" or "Appellant") and NCW
Development, Inc. ("NCW") entered into a contract for the sale and

purchase of property and improvements located in Morrisville, North Carolina (the "House"). NCW retained a subcontractor to apply a synthetic stucco, or Direct-Applied Exterior Finish System ("DEFS"), manufactured by Dryvit Systems, Inc. ("Dryvit" or "Appellee"), to the exterior of the House. The Wilsons originally brought suit in North Carolina state court against Dryvit for damage to the House allegedly caused by the DEFS. The Wilsons asserted five claims against Dryvit: 1) negligence; 2) gross negligence; 3) negligent misrepresentation; 4) fraud; and 5) unfair and deceptive acts and practices. Dryvit removed the case to federal court based upon diversity of citizenship and filed a third-party cross-complaint against, among other parties, NCW and the DEFS sub-contractor. Dryvit then filed a motion for summary judgment, to which the Wilsons failed to file a response. Shortly thereafter, the district court granted summary judgment in favor of Dryvit on all of the Wilsons' claims. The Wilsons then filed a motion for reconsideration, which the district court denied. This appeal followed.

## II.

We review the district court's grant of summary judgment *de novo*. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 50(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether summary judgment should have been granted, we view the evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.

Before we can reach the merits of the Wilsons' appeal, we must first determine whether the issues raised in the appeal are properly before the Court. "Generally, issues that were not raised in the district court will not be addressed on appeal." *Holland v. Big River Corp.*, 181 F.3d 597, 605 (4th Cir. 1999). In this case, the Wilsons failed to file a response to Dryvit's motion for summary judgment, and the district court granted summary judgment for Dryvit on all claims. Although the Wilsons raised the issues that are the basis of this appeal

in their complaint, that, alone, is insufficient to preserve the issues for appellate review. "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995). Likewise, the Wilsons' motion for reconsideration does not preserve these issues for appellate review because the district court found that the Wilsons "failed to make the requisite showing of mistake or excusable neglect." *See, e.g.*, *Holland*, 181 F.3d at 605 (explaining that issues raised for the first time in a motion for reconsideration are not preserved for appellate review if the district court refuses to exercise its discretion to excuse the movant's untimeliness).

## IV.

Accordingly, because the Wilsons failed to properly preserve for appeal the issues first raised in their complaint, the Court declines to review the merits of their claims. We therefore affirm the district court's grant of summary judgment to Dryvit.

*AFFIRMED*