HARRY LAND AND WIFE, KATHY LAND, PLAINTIFFS v. TALL HOUSE BUILDING CO., DEFENDANT, AND ASSURANCE COMPANY OF AMERICA, INC., AS ASSIGNEE OF TALL HOUSE BUILDING CO., THIRD-PARTY PLAINTIFF v. DRYVIT SYSTEMS, INC.; COLIN W. McKEAN, INDIVIDUALLY AND D/B/A SOUTHERN SYNTHETIC & PLASTER; EDWARD McKEAN, INDIVIDUALLY AND D/B/A SOUTHERN SYNTHETIC & PLASTER; PICKARD ROOFING COMPANY, INC.; AND MARVIN WINDOWS, INC., THIRD-PARTY DEFENDANTS

No. COA03-1083

(Filed 17 August 2004)

**1. Construction Claims— governed by contract—no joint contribution claims**

Summary judgment was correctly granted for defendant Dryvit, a third-party defendant, on joint contribution claims arising from the construction of a house. The builder failed to perform the terms of the contract, the law of contract governed, and the builder could not be a joint tortfeasor. The plaintiff here, the insurance company and assignee of the builder, stood in place of the builder and had no claim for contribution.

**2. Construction Claims— governed by contract—no indemnity claim—damage to building alone—economic loss rule**

Summary judgment was correctly granted for defendant Dryvit on indemnity claims arising from the construction of a house. The law of contract rather than of tort governs the obligations and remedies of the parties in this case. Moreover, there was no damage other than to the house itself. This is purely economic loss, which bars any negligence claims.

Appeal by Assurance Company of America, Inc., (as assignee of Tall House Builders, Inc.) from order entered 12 May 2003 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 29 April 2004.

## LAND v. TALL HOUSE BLDG. CO.

[165 N.C. App. 880 (2004)]

*Dean & Gibson, L.L.P., by Christopher J. Culp; and Dinsmore & Shohl, L.L.P., by Joseph N. Tucker and Julie Muth Goodman, for Assurance Company of America, Inc., appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Hada V. Haulsee and David J. Mazza, for Dryvit Systems, Inc., appellee.*

McCULLOUGH, Judge.

Assurance Company of America, Inc. ("ACA"), as assignee of Tall House Builders, Inc. ("Tall House"), appeals from an order granting summary judgment to Dryvit Systems, Inc. ("Dryvit").

The forecast of evidence tended to show that Harry and Kathy Land ("The Lands") entered into a contract with Tall House in which Tall House agreed to serve as the general contractor for the construction of a residence in Durham County, North Carolina. Tall House used direct exterior finish systems ("DEFS"). Dryvit was the manufacturer of the DEFS, also known as Fastrak System 4000, and Southern Synthetic ("Southern Synthetic") applied the product to the house.

After construction was completed, the Lands moved into the house. In May of 1998, the Lands sued Tall House alleging construction defects. One month later, Tall House filed a third-party complaint against Dryvit and Southern Synthetic.

By December of 1999, the Lands and Tall House reached a settlement agreement. In the agreement, Tall House paid the Lands $199,900.00 for a dismissal of all claims against Tall House. In exchange, the Lands agreed to assign "all claims, rights and causes of action they may have against any other person or entity concerning any damage to the House to [Tall House's insurer,] Assurance Company of America ('ACA')." As part of the settlement, Tall House dismissed its counterclaims against the Lands for unpaid amounts to Tall House. And, although it had settled with the Lands, Tall House preserved its right to continue its claims against Dryvit.

On 5 July 2000, third-party defendant Dryvit moved for summary judgment on all of Tall House's claims. On 1 August 2000, the Durham County Superior Court entered an order granting summary judgment for Dryvit on all of Tall House's claims. The trial court's order did not specify the grounds upon which it was based. Tall House appealed the 1 August 2000 order to this Court.

We held that the trial court committed reversible error in granting Dryvit's motion for summary judgment. *Land v. Tall House Bldg. Co.*, 150 N.C. App. 132, 137, 563 S.E.2d 8, 11 (2002). We noted that ACA was the real party in interest because "the [settlement] agreement mandated [that] ACA, as insurer for Tall House, pay $199,900.00 to the Lands, and in return the Lands had to assign all of their rights from the dispute to ACA." *Id.* at 135, 563 S.E.2d at 10. "Thereafter, Tall House was no longer actually involved in the litigation." *Id.* Although ACA should have substituted itself for Tall House, the trial court erred in granting summary judgment at that point in the litigation. *Id.* at 135-36, 563 S.E.2d at 10. Instead, the court should have ordered a continuance to allow reasonable time for ACA to substitute itself for Tall House. *Id.* at 136-37, 563 S.E.2d at 10-11.

On remand, the trial court granted a motion substituting ACA as the real party in interest. Dryvit renewed its motion for summary judgment on 5 August 2002. Once again, the trial court granted Dryvit's motion for summary judgment.

ACA, standing in the shoes of Tall House, appeals. On appeal, ACA argues that the trial court erred in granting the motion for summary judgment on the contribution and indemnity claims against Dryvit. We disagree and affirm the decision of the trial court.

### I. Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "Further, the evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Id.*

### II. Contribution Claims

[1] ACA contends that the trial court erred in granting summary judgment on the contribution claims against Dryvit. However, our Supreme Court has indicated that "[o]rdinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." *Ports Authority v. Roofing Co.*, 294 N.C. 73, 81, 240 S.E.2d

345, 350 (1978), *rejected on other grounds by Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 328 S.E.2d 274 (1985). Although there are exceptions to this rule, none apply to the present case. *Ports Authority*, 294 N.C. at 82, 240 S.E.2d at 350-51. The general rule has also been applied in cases involving contracts to build a home. In *Spillman v. American Homes*, 108 N.C. App. 63, 64, 422 S.E.2d 740, 741 (1992), the plaintiffs filed a tort claim alleging that defendant improperly constructed and installed their mobile home. The *Spillman* Court rejected the validity of this claim and stated:

> Absent the existence of a public policy exception, as in the case of contracts involving a common carrier, innkeeper or other bailee, . . . a tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract. *It is the law of contract and not the law of negligence which defines the obligations and remedies of the parties in such a situation.*

*Id.* at 65, 422 S.E.2d at 741-42 (emphasis added).

The similarities between *Spillman* and the present case are striking. As was the case in *Spillman*, the Lands had a contract with Tall House for the construction of a home. After the home was completed, the Lands began to experience problems with water intrusion and other structural defects. We believe that Tall House failed to perform the terms of the contract, and this failure resulted in injury to the subject matter of the contract, the home. Thus, the law of contract, not the law of negligence, defines the obligations and remedies of the parties.

Since there can be no recovery based on a negligence theory, ACA's contribution claim must also fail. N.C. Gen. Stat. § 1B-1 (2003) governs the right of contribution in North Carolina. "Under this statute, there is no right to contribution from one who is not a joint tort-feasor." *Kaleel Builders, Inc. v. Ashby*, 161 N.C. App. 34, 43, 587 S.E.2d 470, 477 (2003), *disc. review denied*, 358 N.C. 235, 595 S.E.2d 152 (2004). Because Tall House could only be liable to the Lands for breach of contract, it could not be a joint tort-feasor. Therefore, standing in the shoes of Tall House, ACA has no claim for contribution against Dryvit or any other party. This assignment of error is overruled.

### III. Indemnity Claims

[2] ACA suggests that the trial court erred in granting summary judgment on the indemnity claims against Dryvit. Once again, its argument appears to be rooted in tort theory. In its brief, ACA states that "[i]n order to prevail on its indemnity claims, ACA merely had to demonstrate that any *negligence* or fault on Tall House's part was passive or secondary, as opposed to the active *negligence* of Dryvit."

"*Tort law* provides for indemnity of one secondarily liable by one who is primarily liable." *In re Huyck Corp. v. Magnum Inc.*, 309 N.C. 788, 793, 309 S.E.2d 183, 187 (1983) (emphasis added). However, applying this principle to the present case is problematic for a number of reasons.

First, we have already mentioned that the *law of contract, not the law of torts,* defines the obligations and remedies of the parties. As we stated in *Kaleel Builders*, "we acknowledge no negligence claim where all rights and remedies have been set forth in the contractual relationship." *Kaleel Builders*, 161 N.C. App. at 42, 587 S.E.2d at 476.

Second, the economic loss doctrine "prohibits recovery for economic loss in tort." *Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 401, 499 S.E.2d 772, 780 (1998). "Instead, such claims are governed by contract law[.]" *Id.* The courts have construed the term "economic losses" to include damages to the product itself. *Id.* However, "[w]here a defective product causes damage to property other than the product itself, losses attributable to the defective product are recoverable in tort rather than contract." *Id.* at 402, 499 S.E.2d at 780.

At least one federal court has considered what constitutes damage to property "other than the product itself" for the purposes of the economic loss rule. *Wilson v. Dryvit Systems, Inc.*, 206 F. Supp. 2d 749, 753 (E.D.N.C. 2002), *aff'd*, 71 Fed. Appx. 960 (2003). In North Carolina, "when a component part of a product or a system injures the rest of the product or the system, only economic loss has occurred." *Id.* More importantly, the Court made the following statement about the exact same product at issue in the case at bar:

> Dryvit's DEFS cladding is an integral component of plaintiffs' house. The damage caused by the allegedly defective Fastrak therefore constitutes damage to the house itself. No "other" property damage has resulted, and plaintiffs have suffered purely eco-

NORTHFIELD DEV. CO. v. CITY OF BURLINGTON

[165 N.C. App. 885 (2004)]

nomic losses. Thus, plaintiffs' negligence claims against Dryvit are barred by the economic loss rule, and Dryvit is entitled to summary judgment on those claims.

*Id.* at 754.

We believe that a similar result is warranted in the present case. As was the case in *Wilson*, any damage caused by the DEFS constitutes damage to the house itself. Since no other property damage has resulted, this is purely economic loss. Therefore, the economic loss rule bars any negligence claims against Dryvit. This includes ACA's indemnity claims which were rooted in tort. Accordingly, this assignment of error is dismissed.

After carefully considering the record and arguments of the parties, we conclude that the trial court acted properly in all respects. Therefore, the trial court's decision to grant summary judgment to Dryvit is

Affirmed.

Judges HUDSON and LEVINSON concur.